**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>DALE G. PARREL,<br><br>　　　　　Defendant - Appellant. | No. 13-10310<br><br>D.C. No. 2:12-cr-00244-KJM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 13, 2014[**]
San Francisco, California

Before: RIPPLE,[***] SILVERMAN, and GOULD, Circuit Judges.

Defendant-Appellant Dale G. Parrel appeals his conviction and sentence

under 38 C.F.R. § 1.218(a)(3) for the improper disposal of rubbish on property

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United
States Court of Appeals for the Seventh Circuit, sitting by designation.

controlled by the Department of Veterans Affairs ("VA"). On appeal, Parrel challenges the constitutionality of the regulation as applied to him, arguing that it is void for vagueness. We review such challenges *de novo*. *See United States v. Chhun*, 744 F.3d 1110, 1116 (9th Cir. 2014); *United States v. Albers*, 226 F.3d 989, 993 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The regulation—which prohibits the "improper disposal of rubbish on property," 38 C.F.R. § 1.218(a)(3)—uses language sufficiently clear to alert a person of "ordinary" intelligence that "improper disposal . . . is prohibited" and that discarding a cigarette butt on the ground, rather than in a trash can or ashtray, constitutes "improper disposal." *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Because the regulation's language is clear, Parrel's argument that his conduct is excused by his reliance on environmental cues—including the presence of cigarette butts on the ground nearby—is unavailing. Further, Parrel had actual notice that his conduct was prohibited: Copies of the regulation were posted at every entrance to the hospital. And the citing officer explicitly told Parrel, upon seeing him flick his first cigarette butt to the ground, to use a trash receptacle in the future. Parrel disregarded that advice and adopted a confrontational style that provoked the officer to cite him.

2

Also, the regulation does not arm police with "unfettered discretion" to arrest people for "no more than vindicating affronts to police authority," as Parrel argues. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 166-68 (1972). Rather, it permits citations only for those who (1) improperly dispose (2) of rubbish (3) on VA property. *See* 38 C.F.R. § 1.218(a)(3). The regulation does not "impermissibly delegate[] basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

The challenged regulation "'define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Alphonsus v. Holder*, 705 F.3d 1031, 1042 (9th Cir. 2013) (quoting *Kolender*, 461 U.S. at 357). It is not unconstitutionally vague as applied to Parrel.[1]

**AFFIRMED.**

---

[1] We reject Parrel's selective enforcement claim. Before writing Parrel's citation, the citing officer (1) told Parrel to use a proper trash receptacle, and (2) saw Parrel improperly discard a *second* cigarette. The officer's conduct was consistent with prior enforcement efforts, which involved a verbal warning for the first offense. The officer cited Parrel only after Parrel "offended twice in front of [him]" whereas previous offenders generally "pick[ed] up their cigarette butts and place[d] them in trash cans, and [did] not offend again."

3